Nov. Term,
1860.

THE OHIO
INSURANCE
COMPANY.
v.
NUNNE-
MACHER.

*Thomas D.*, and *R. L. Walpole*, and *S. A. Colley*, for appellant.

*William P. Fishback*, for the State.

———•◦•———

THE OHIO INSURANCE COMPANY *v.* NUNNEMACHER.

A corporation is a creature existing not by contract, but by statute, and where its rights or modes of action are marked out by statute, they can not be changed even by the contracts of the corporators.

The regulations in the charter of a corporation, touching the increase of stock, supersede contracts, and govern in making such increase.

Under the charter of the *Ohio Insurance Company*, which provides that the directors shall have power to increase the stock of said company to a given limit, on such terms and conditions, and in such manner, as to them shall seem best, the existing stockholders have no exclusive right to take the increased stock in amounts proportionate to the several amounts of the original stock held by them.

Nov. Term, **1860.**

THE OHIO
INSURANCE
COMPANY.
v.
NUNNE-
MACHER.

APPEAL from the *Floyd* Circuit Court.

*Tuesday, December 11.*

PERKINS, J.—This case was before us in 1858, and decided upon rulings below, touching the evidence. The then judgment in the cause was reversed, and a new trial ordered. The facts are so fully stated in the opinion delivered on the former examination, and reported in 10 Ind. p. 234, that we shall not recapitulate them here.

The question which the record now presents for our determination is this: Had existing stockholders in the *Ohio Insurance Company* the legal right, on an increase of the capital stock of said company, under the charter, to take such increased stock, to the exclusion of all other persons? *Nunnemacher* holds the affirmative of this question, and relies on *Gray* v. *The Portland Bank*, 3 Mass. R. 364, as authority for doing so. Whether that case was rightly decided on its own facts, we shall not inquire; but the decision in it, we have no hesitation in saying, can not be applied as a general rule of law to all stock corporations. That decision seems to have been based upon the legal proposition that a corporation is a contract between the corporators, as a partnership is a contract between the partners, and that the original contract by which the corporation is formed, embraces, or includes in it, the right, in existing corporators, of taking all increase of stock, in proportion to the amount then severally held by them in the existing stock. This proposition we can not assent to as law. A corporation is a creature existing, not by contract; but, in this country, is created or authorized by statute; and its rights, and even modes of action, may be, and generally are, defined and marked out by statute; and where they are, they can not be changed, even by the contracts of the corporators. There may be a contract among individuals to enter into a corporation; but when they have become a corporation, the charter, not contract, determines their rights. The

Nov. Term,
1860.

THE OHIO
INSURANCE
COMPANY.
v.
NUNNE-
MACHER.

charter may not authorize an increase of capital stock. If it does not, there can be none by contract. It may authorize such increase, but prescribe that it shall only take place by stock subscribed by new members coming into the corporate body, and that no existing subscriber shall add to what he may at the time have. If the charter so prescribes, so it must be, and no contract can vary it or be the foundation for a right to take stock in contravention of the provision. We lay down the proposition, then, that regulations in the charter of a corporation, touching the increase of capital stock, supersede contracts, and govern in making such increase.

What then is the regulation on the subject, in the charter of *The Ohio Insurance Company?* It is this; that the directors of said company shall make the by-laws "for the management and disposition of the stock of the company; and that the directors" "shall have power to increase the stock of said company to $200,000, on such terms and conditions, and in such manner as to them shall seem best." Local Acts of 1849, § 7, p. 441.

Now, this provision of the charter is utterly inconsistent with the proposition that the existing stockholders had the exclusive right to take the increased stock, in amounts proportionate to the quantities they then held of the original stock. How could the directors of the company, on the one hand, possess the power to increase the stock in such manner as to them seemed best, and at the same time, the stockholders, on the other hand, possess the power to compel an increase of it in but one single manner, viz: by giving it to them? As to the right of a Court to control the discretion of directors of a corporation, see Grant on Corp., pp. 226, 231, 252, and *Hodges* v. *The N. E. Screw Co.*, 1 R. I. Rep. 312.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*W. T. Otto* and *J. S. Davis*, for appellant.

*J.* and *A. B. Collins*, for appellees.

(1.) By counsel for appellant: It is well settled, that where there has been a fraudulent breach of trust by the directors, the primary party to sue is the corporation, for she is the injured party, and the remedy is against the directors, who are individually and personally responsible. *Robinson et al.*

v. *Smith,* 3 Paige, 222; *Hodges* v. *New England Screw Company,* 1 R. I. Nov. Term, 312; *Baylors* v. *Orne,* 1 Freeman Ch. R. 174. The directors are as much responsible to their principal as the agents of an individual. 4 Denio, 301; *Cunningham* v. *Pell,* 5 Paige, 607; *Verplanck* v. *Mer. Ins. Co,* 1 Edwards, 84; *Attorney General* v. *Wilcox,* 1 Craig. & Phil. 1; *Nathan* v. *Whitlock,* 3 Edwards, 215. As the manner of the increase was left to the discretion of the directors, no other tribunal can supervise their action. *The King* v. *Mayor of London,* 3 Barn. & Adol. 271.

(2.) The authorities cited by appellee's counsel will be found in note to case as reported. 10 Ind. 234.