Filed June 4, 1886.

———————◆———————

No. 12,484.

THE PRESBYTERIAN MUTUAL ASSURANCE FUND *v.* ALLEN.

LIFE INSURANCE.—*Mutual Benefit Association.—Certificate of Membership.*— A certificate of membership issued by a mutual benefit association is, in legal contemplation, a policy of insurance.

SAME.—*Statements by Insured in Application.— When not Deemed Warranties.* —Statements made by the insured in his application, are not deemed warranties unless incorporated in the policy, or properly referred to therein.

SAME.—*Change of Beneficiaries.*—The beneficiaries under a certificate of membership issued by a mutual benefit association can not be changed

by the insured, where the charter of the association specifically provides how and to whom the benefit shall be paid.

SAME.—*By-Law.*—*Ultra Vires.*—A by-law providing a mode of payment different from that provided for by the charter is *ultra vires* and void.

SAME.—The statute of this State, R. S. 1881, section 3848, authorizing a change of beneficiaries, applies only to corporations organized and incorporated under the laws of this State.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*J. H. Stotsenburg, D. W. Lafollette* and *W. W. Tuley,* for appellee.

ELLIOTT, J.—The appellant is a mutual benefit association incorporated by the Legislature of Kentucky. Its object, as the charter declares, is " to create and provide a beneficiary fund for the families or relations of deceased members, or for the benefit of members in sickness." The appellee's complaint is based upon a certificate of membership procured from the corporation by William G. Allen in his lifetime.

The certificate, although issued by a mutual benefit association, is, in legal contemplation, a policy of insurance, and is in most respects governed by the general rules of law which apply to insurance contracts. *Bauer* v. *Samson Lodge,* 102 Ind. 262; *Elkhart M. Aid Ass'n* v. *Houghton,* 98 Ind. 149; *Supreme Lodge K. of P.* v. *Schmidt,* 98 Ind. 374. There are, as we shall hereafter see, some essential differences between such contracts as that evidenced by.this certificate and ordinary contracts of insurance, but those differences do not affect the questions arising on the pleadings, which first require our attention.

Statements made by the insured in his application for insurance are not deemed warranties unless they are incorporated in the policy, or, in some appropriate method, referred to in that instrument. *Commonwealth Ins. Co.* v. *Monninger,* 18 Ind. 352; *Mutual Benefit, etc., Co.* v. *Miller,* 39 Ind. 475; 3 Kent Com. 373; May Ins., section 156; Bliss Life Ins., section 34.

The statements by the insured in his application are not set forth in the policy, nor in any way is reference made to them, and they can not be considered warranties. The second paragraph of appellant's answer is based on the erroneous theory that they were warranties, and as this theory is untenable the answer is bad.

The provision in the policy issued by the appellant respecting the designation of the beneficiaries, is, in substance, that a sum not exceeding two thousand dollars shall be paid "to such person or persons as he," the insured, "may designate by will or upon the books of this corporation." The insured in his application directed that the amount of the insurance should be paid to his sons Oscar and William Allen, but subsequently the insured, with the consent of the appellant, but without the consent of the original beneficiaries, designated on its books Mary E. Allen, whom he had married, as the beneficiary. The charter of the association granted by the Legislature of Kentucky provides, among other things, that "Upon the decease of any member of this association the fund to which his family is entitled shall be paid as may be designated in the application for membership; this being changed by death, or otherwise impossible, it shall go: 1st. To the widow and infant children. 2d. To his mother and sister. 3d. To his father and brothers. 4th. To his grandchildren. 5th. To his legal heirs."

The appellant contends that the designation of the beneficiaries in the application so fixed their rights that they could not be changed without their consent. If this were an ordinary policy of insurance, issued by an ordinary insurance company, this contention would prevail. *Hutson* v. *Merrifield*, 51 Ind. 24 (19 Am. R. 722); *Pence* v. *Makepeace*, 65 Ind. 345; *Godfrey* v. *Wilson*, 70 Ind. 50; *Wilburn* v. *Wilburn*, 83 Ind. 55; *Harley* v. *Heist*, 86 Ind. 196 (44 Am. R. 285); *Damron* v. *Penn M. L. Ins. Co.*, 99 Ind. 478; *Penn M. L. Ins. Co.* v. *Wiler*, 100 Ind. 92 (50 Am. R. 769); *Chapin* v. *Fellowes*, 36 Conn. 132 (4 Am. R. 49); *Glanz* v. *Gloeckler*,

104 Ill. 573 (44 Am. R. 94); Manhattan Life Ins. Co. v. Smith, 5 N. E. R. 417 ; Bliss Life Ins. (2d ed.) 540.

These cases are representatives of a large class, declaring that in ordinary cases of life insurance the beneficiary designated can not be changed without his consent.   There is, however, much diversity of opinion upon the question as to the applicability of this principle to policies like the one before us, issued by associations of the class to which appellant belongs.   McClure v. Johnson, 56 Iowa, 620; Tennessee Lodge v. Ladd, 5 Lea, 716;   Durian v. Central Verein, 7 Daly, 168; Richmond v. Johnson, 28 Minn. 447; S. C., 11 Ins. Law Journal, 215;   Swift v. R. P. & T. C. Benefit Ass'n, 96 Ill. 309; Ballou v. Gile, 50 Wis. 614;   Kentucky Mas. Mut. L. Ins. Co. v. Miller, 13 Bush, 489; Catholic Ben. Ass'n v. Priest, 46 Mich. 429;   Expressmen's Aid Society v. Lewis, 9 Mo. App. 412; Maryland M. B. Soc. v. Clendinen, 44 Md. 429 (22 Am. R. 52).

The weight of authority, as will appear from an examination of the cases cited, is in favor of the general doctrine that beneficiaries may be changed in cases where policies like the one before us are issued by such associations as the present, and that in this respect such policies are not governed by the general rule which governs ordinary insurance contracts. But granting that this is the general rule, still it can not prevail if the charter of the association prohibits a change in the beneficiary first agreed upon and designated.   It is firmly settled that a contract must be made in the mode prescribed by the corporate charter, and must be one authorized by it.   Ohio Ins. Co. v. Nunnemacher, 15 Ind. 294; Leonard v. American Ins. Co., 97 Ind. 299 ; Ashbury, etc., Co. v. Riche, L. R., 7 H. L. 653; Head v. Providence Ins. Co., 2 Cranch, 127.   Of the provisions of the charter and by-laws of the corporation, all who become members are chargeable with knowledge.   Bauer v. Samson Lodge, supra.

Whatever may be the rule where the charter does not provide a mode of exercising corporate power, it is quite clear that where the charter does prescribe the mode it must be

followed, even though it requires a procedure different from the one prescribed by a general rule of law. Hence it is here of controlling importance to rightly ascertain and decide whether the mode of exercising the corporate power is prescribed, and whether the mode prescribed inhibits the changing of beneficiaries after they have been once designated. The provisions of the charter, as we read them, do prohibit a change of beneficiaries by the act of the insured and insurer, for they declare that the benefit " shall be paid as may be designated in the application, " and that, " this being changed by death, or otherwise impossible, it shall go " in the mode which is specifically provided. We can see no way to avoid the conclusion that this charter provision requires the benefit to be paid to the person named in the application, or to those specified in case of the death of those persons or of some occurrence making it impossible to pay to them. Not only does the charter in direct terms declare that the benefit shall be paid to the persons thus named, but it also declares that if it becomes impossible to pay it to them, it shall go in the manner specified in the charter. The effect of these provisions is that the beneficiaries named must receive the money due on the policy, or it must be disposed of as provided by the charter creating the association. The provision respecting the mode of disposing of the benefit deprives the insured and the insurer of any right to change the contract, as it leaves only two possible classes of beneficiaries, those named in the application, and those specified in the charter, as entitled to take in case the designation in the application is " changed by death," or becomes " otherwise impossible." The meaning that must be given the provisions of the charter is, that the only change that can be made is such as is caused by death or some other occurrence, making it impossible to pay to the beneficiaries designated in the application, for all authority to make a change by their own acts is taken from the insured and insurer. The only change that can occur is such as is caused by death or some event making it

impossible to pay the benefit to the beneficiaries originally named. The change can not arise out of the voluntary act of the insured and insurer, but must be made necessary by some such event as makes it impossible to pay the beneficiaries named in the application for membership. In our opinion there is no escape from the conclusion that there are only two classes of persons to whom the benefit can be rightfully paid, and these are the beneficiaries named in the application, and those specified by the charter as entitled to it in the event that it becomes impossible to pay the beneficiaries originally designated.

In speaking of a question similar to that before us, the Court of Appeals of Kentucky said: " The company and Miller could decide the question whether he should become a member, and having done so, from that moment the rights of the beneficiaries attached, subject to be defeated by his failure to comply with the terms of his membership, but subject to no other contingency whatever. If therefore the stipulation to pay Miller's heirs should be construed to have been intended to secure the fund payable on account of his membership to his administrator or his creditors, such stipulation could not prevail over the unequivocal provisions of the charter, that it shall be paid to his widow and children." *Kentucky Mas. L. Ins. Co.* v. *Miller,* 13 Bush, 489. Discussing the same subject, the Supreme Court of Massachusetts said: " The classes of persons to be benefited are designated, and the corporation has no authority to create a fund for other persons ·than of the classes named." *American Legion of Honor* v. *Perry,* 140 Mass. 580.

We have carefully examined such cases bearing upon this question, as we have been able to find, and in none of them, except those referred to as sustaining the view we have expressed, do we find any discussion of a charter provision such as the one contained in the act incorporating the appellant. In the cases which hold that the beneficiary may be changed there is either a statutory provision permitting it to be done,

·or else no provision upon the subject. We have also studied with great care the provisions of appellant's charter, but have been unable to find any provision that modifies the section quoted by us.

Counsel for the appellee refer us to a by-law of the association setting forth the form of the certificate that shall be issued to members, but if we were to grant that the form of the certificate thus prescribed sustained appellee's contention that the beneficiaries may be changed, still, it would do her no good, for a by-law which is inconsistent with the charter ·of the corporation is utterly void. This familiar principle is thus expressed in a case closely resembling the present: " If the plaintiff corporation undertook to make by-laws in ·contravention of the statute, they were *ultra vires,* and of no ·effect." *Hicks* v. *Perry,* 140 Mass. 580.

We are referred to our own statute, and informed that it· .authorizes a change of beneficiaries. R. S. 1881, section 3848. The infirmity in the argument built upon this statute is that the statute itself, in direct terms, restricts its operation to ·corporations " organized and incorporated under the laws of this State."

Upon the facts proved the law is with the appellant, for they clearly show that the right of action is in the beneficiaries named in the application, and not in the appellee.

Judgment reversed, with instructions to grant appellant a new trial.

Filed June 5, 1886.