[No. 1783.   Decided August 5, 1895.]

LOUISE M. THOMAS, *Respondent,* v. GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF WASHINGTON, *Appellant.*

MUTUAL BENEFIT INSURANCE — RIGHTS OF BENEFICIARY — APPLICATION FOR INSURANCE — MATERIALITY OF REPRESENTATIONS.

It will be presumed, until the contrary is made to appear, that a member of a mutual benefit society, to whom an insurance certificate has been issued, has the right to change the beneficiary named therein at any time before his death.

A beneficiary certificate in a mutual benefit society being within the control of the member to whom it is issued, his declarations against interest, made after its issuance, are admissible in evidence against his beneficiary, as the latter has no vested interest in the certificate or policy issued to the member.

Misrepresentation by an applicant for insurance in his answers to questions propounded in the application, upon which the policy was issued, will not invalidate the policy if the applicant did not know at the time that his representation was untrue.

In an action upon a beneficiary certificate of an insurance society it is error for the court to refuse a charge that each question propounded in the application and its answer must be considered material, and that it is not the province of the jury to inquire into the materiality of such questions and answers, when it appears that the applicant had certified his answers as correct and that they were given with full knowledge that any perversion of facts would work a forfeiture of all his rights as a beneficiary.

*Appeal from Superior Court, Pierce County.*

*W. W. Likens*, and *A. R. Heilig*, for appellant:

The beneficiary certificate of the Ancient Order of United Workmen should not be construed as an ordinary life insurance policy. *Dickinson v. Grand Lodge, A. O. U. W.*, 28 Atl. 293; *Commonwealth v. Equitable Ben. Ass'n*, 137 Pa. St. 419; *Association v. Jones*, 26 Atl. 253; *Lithgrew v. Supreme Tent*, 30 Atl. 830.

The court erred in holding that the deceased had no power to change his benficiary and that the plaintiff had an interest in the beneficiary certificate at all times after its issuance, and she could not be bound by the statements made by her husband after it was issued. *Tessmann v. Supreme Commandery*, 61 N. W. 261; *Lazensky v. Supreme Lodge*, 31 Fed. 592; *Rowls v. Insurance Co.*, 27 N. Y. 290 (84 Am. Dec. 280); *Insurance Co· v. Applegate*, 7 Ohio St. 292; *Insurance Co. v. Haney*, 10 Kan. 525.

Where one asserts [in his application] that certain statements are true, and that if not true this fact shall avoid the policy, the question whether they were actually material is not important, as parties have the right to make their truth the basis of the contract. *Cobb v. Mut. Ben. Ass'n*, 26 N. E. 230; *Miles v. Insurance Co.*, 3 Gray, 580; *Insurance Co. v. France*, 91 U. S. 510; *Powers v. Association*, 50 Vt. 630; *McCoy v. Insurance Co.*, 133 Miss. 82; *Insurance Co. v. McTague*, 49 N. J. Law, 587; *Insurance Co. v. Fletcher*, 117 U. S. 519; *Sullivan v. Metropolitian Life Ins. Co.*, 12 N. Y. Supp. 923; *Supreme Council v. Green*, 17 Atl. 1048.

*Ira A. Town*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to · recover upon what is known as a beneficiary certificate issued

by the authority of the supreme lodge of the Ancient
Order of United Workmen, wherein it was recited that
Brother W. Hill Thomas, a workman degree member
of Lodge No. 32 of said order, was entitled to all the
rights and privileges of membership in the order, and
to designate the beneficiary to whom the sum of $2,000
of the beneficiary fund of the order should at his death
be paid. Such certificate was issued upon certain con-
ditions therein expressed, and therein the respondent
Louise M. Thomas, wife of the said W. Hill Thomas,
was designated as the beneficiary.

Upon the trial it was conceded that said W. Hill
Thomas in his lifetime was a member of the order
under the authority of which the beneficiary certificate
was issued; that he was dead; that sufficient proof
thereof had been made under the rules of the order,
and that the respondent was his widow and entitled to
recover the amount due under said beneficiary certifi-
cate, if such certificate was of force against said order.
It was claimed, however, that such certificate was void
and of no effect. The ground of this contention was
the alleged fact that in the application of said W. Hill
Thomas for membership he had answered certain ques-
tions therein propounded by the order for the purpose
of determining whether or not the applicant should be
received as a member, and in such answers had mis-
represented the facts. The substantial controversy
upon the trial was, first, as to whether or not his
answers to the questions thus propounded were or were
not true; and second, as to the effect of such answers, if
untrue upon the beneficiary certificate. Incident to
this controversy were certain questions relating to the
kind of proof which was admissible for the purpose of
showing that his answers were untrue.

A large number of exceptions were taken by the ap-

pellant during the progress of the trial, and they have
been grouped and argued here under various assign-
ments of error. We have carefully examined the ques-
tions raised by such exceptions, but they are too nu-
merous for separate discussion in this opinion. The
many questions raised thereby will be substantially
covered by an investigation as to the rulings of the
court in the admission of testimony, and as to the effect
of the answers to the questions propounded in the
application.

It is claimed by the appellant that the court wrong-
fully construed the beneficiary certificate as an ordin-
ary life insurance policy, and thereby committed error
to its prejudice. Authorities are cited which satisfy
us that if the court so construed this beneficiary cer-
tificate it made a mistake; but the appellant was not
injured by the conception of the court as to the nature
of the contract, excepting so far as such conception
may have influenced its action in the reception or re-
jection of testimony, or in instructing the jury.

Upon the trial the appellant offered to show by the
declarations of said W. Hill Thomas, made after the
issue of the certificate, that his answers to some of the
questions propounded in the application were untrue,
to his knowledge, at the time they were made. This
evidence was excluded upon the apparent ground that
upon the issue of such certificate the beneficiary therein
acquired a vested interest which could not be divested
by the acts of the member upon whose life the benefit
depended. That such is the nature of the interest of
the beneficiary in an ordinary life insurance policy is
established by the great weight of authority, but as to
beneficiary certificates of the nature of the one in con-
troversy a like weight of authority has established the
doctrine that the interest of the beneficiary before the

death of the member is a mere expectancy which may be changed at any time by the action of the assured.

Upon the argument there was much controversy as to whether or not a certain article of the by-laws of the order was properly in evidence under the pleadings. The effect of this by-law was to give to the member the right to change the beneficiary named in the certificate at any time before his death, upon complying with certain conditions. If this was properly in evidence there could be no question about the right of the member to so control the benefit that the interest of the beneficiary named in the certificate would be only one of expectancy, and even if it was not in evidence it will be presumed that he had full right to control the benefit until the contrary is made to appear. The authorities upon this proposition are not entirely uniform, but, as above suggested, a great majority of the cases have so held. This rule is announced in §212 of Niblack on Mutual Benefit Societies, and, upon the authority of that author and the cases therein cited, we believe it to be the correct one.

The courts of some of the states have held directly to the contrary, and have construed the interest of the beneficiary in certificates of this kind the same as in ordinary life insurance policies. The courts of the state of Indiana are perhaps the most pronounced upon this side of the question, but it is shown by the opinions of the courts of that state that the weight of authority is in favor of the proposition that it will be presumed that the member has a right to change the beneficiary unless the contrary is made to appear. This will sufficiently appear by the following quotation from the case of *Presbyterian Mutual Assurance Fund v. Allen*, 106 Ind. 593 (7 N. E. 317):

"The weight of authority, as will appear from an

examination of the cases cited, is in favor of the general doctrine that beneficiaries may be changed in cases where policies like the one before us are issued by such associations as the present, and that in this respect such policies are not governed by the general rule which governs ordinary insurance contracts."

It is stated by the author above cited, and in most of the cases, that it is difficult to assign any reason for the distinction in this regard between this class of certificates and ordinary life policies. This may be true, but one good reason suggests itself and that is, that these certificates are not in themselves an absolute contract which could, under the constitution and by-laws of the order, be entered into with any person. Under such constitution and by-laws these beneficiary certificates can only be issued to members. Hence, it seems reasonable that anything which would affect the right to membership would affect the right to the beneficiary certificate, and that since the membership can at any time be changed by the member without the consent of the beneficiary, he can also change the certificate.

Upon reason and authority the beneficiary certificate should be presumed to be within the control of the member. This being so, nearly all the cases hold that his declarations after the certificate is issued may be introduced in evidence against the beneficiary. If he had the control of the certificate, he was the one interested therein, and under well settled rules, his declarations would be competent testimony, and, if against his interest, would be available to affect them. This rule is sufficiently established by § 325 of Niblack on Mutual Benefit Societies, and cases therein cited. It follows that the appellant had the right to put in evidence the declarations of said W. Hill Thomas after

the issue of the beneficiary certificate, and that the refusal of its offer to do so was error.

As to the effect of the answers to the questions propounded in the application: It is claimed on the part of the appellant that the applicant was so bound thereby that the certificate issued thereon would be void if they were untrue, whether or not at the time they were made they were known by the applicant to be untrue. With this contention we are unable to agree. In our opinion the answers to such questions were but representations, and if untrue would only affect the rights of the applicant if at the time he made them he knew them to be untrue. This was substantially what the court instructed the jury upon that question, and we think that in so doing it committed no error.

It is true that the first instruction of which complaint is made by the appellant, if given to the jury divided into sentences as it appears in the transcript, might have been misleading. But to have so divided it would have made the sentence immediately following the part to which objection is made nonsensical and without force, while such sentence, as a part of the one immediately preceding it, was necessary to express that which plainly appears to have been in the mind of the court. We therefore assume that the language which appears in the transcript as an isolated sentence was, in fact, given as a part of the one preceding it. Thus construed the entire instruction stated the law of the case upon that question.

The appellant, among other things, asked the court to instruct the jury that each question propounded in the application and its answer must be considered material, for the reason that the parties had made it so, and that it was not the province of the jury to inquire into the materiality of such questions and answers.

This instruction should have been given, and the refusal to give it was prejudicial error.

In the application was the following clause:

"I hereby certify that the answers to the above questions are correct; that they are given with a full knowledge on my part that any misstatement or perversion of facts will work forfeiture of all my rights as a beneficiary of the order."

This was signed by the applicant, and thereby every question and answer was, as between the parties, made material to the risk.

We deem it unnecessary to go into further detail as to the allegations of error shown by the record. In what we have said the law of the case is sufficiently indicated for the purposes of retrial.

The judgment must be reversed, and the cause remanded for a new trial.

Scott, Anders and Gordon, JJ., concur.

Dunbar, J., dissents.