Danielson v. Wilson.

## P. J. Danielson et al. v. Daisy E. Wilson et al.

1. CORPORATIONS—*Associations for the Benefit of the Heirs and Devisees of Deceased Members Authorized by the Statute.*—The statute in regard to corporations not for pecuniary profit is broad enough in its terms to allow the incorporation of an association which has for its object the benefit of the heirs and devisees of deceased members.

2. SAME—*Not For Pecuniary Profit—Power of, Limited by their Constitution and By-Laws.*—A corporation has no power not conferred upon it by its charter either expressly or by implication and though the statute may allow a wider scope to corporations not for pecuniary profit than their constitution and by-laws, still the latter controls as to the powers of such corporations.

3. SAME—*The Rule as to Limitation of Powers by Constitution and By-Laws Applied.*—Where the constitution and charter of an association limit the benefits of the association to its members and their immediate families an Old People's Home can not claim money payable under the terms of a certificate of insurance issued by the association.

4. WORDS AND PHRASES—*"Immediate Family."*—The object of an association as stated in its charter and constitution was to create a fund for the benefit of its members and their "immediate families." In a suit involving the right to money payable under a certificate of insurance issued by such association, it was held that a married daughter of a member not living with her father and a brother of such member residing with him were included under the designation "immediate family."

5. INSURANCE—*Disposition of Fund Where Beneficiary Named Can Not Take.*—A member of an insurance society can not direct his insurance to be paid to a person outside of the classes designated by the law and the articles of association, and if he attempts to do so, such designation is void, and the law itself will dispose of the fund and give it to the heir at law if he is within the class authorized to receive it.

**Bill,** for relief. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

CHYTRAUS & DENEEN and CHARLES E. WYMAN, attorneys for appellants.

There was nothing to prevent this benevolent association from making agreements with members, who themselves pay the dues, for the payment of the benefit to any one, without restriction.

It is now generally admitted that a corporation is not a mere fiction but a body of individuals, and may sometimes even perform acts foreign to the purposes of its creation. 27 Am. and Eng. Ency. of Law, 358, citing 1 Morawetz on Corp., Sec. 227.

*Ultra vires* acts are those which are outside of the objects for which the corporation was created, as defined in the law of its organization, and therefore, beyond the powers conferred. This is the proper use of the term, and its employment in any other sense simply occasions confusion. 27 Am. and Eng. Ency. of Law, (title *Ultra Vires*), 353.

An act is said to be *ultra vires* when it is not within the scope of the powers of the corporation to perform it under any circumstances. Miners etc. Co. v. Zellerbach, 37 Cal. 578.

The doctrine of *ultra vires* applies to the restrictions upon membership and beneficiaries in mutual insurance associations the same as to acts of corporations generally, and the same exception and application of the doctrine of estoppel is made where by the death of the member the contract has become executed. In the absence of any restrictions the society may constitute any one the beneficiary of a member. 16 Am. and Eng. Ency. of Law, 47.

It has been directly held and many authorities support the view, that though a benefit association's certificate is made payable outside of the class specified in

the charter, yet when in the charter are such terms as, for example "intended to benefit the widow's, etc.," the widows and members of the family can be benefited in many ways besides having the certificate made payable to third persons have thus been sustained. Bacon on Ben. (New Ed.), Secs. 245 and 457.

It has been repeatedly held that the charter, by-laws and certificates of membership, taken together, show what was the understanding of the parties. Worley v. N. W. M. A. Ass'n, 10 Fed. Rep. 228; Pres. Mut. Ass'n Fund v. Allen, 106 Ind. 596.

Where there is no prohibitive or restrictive language in the charter, any designation is good, although the charter describes the company as for the benefit of widows and orphans. 2 May on Ins,, Sec. 399e; citing Maneely v. Knights of B., 115 Pa. St. 305.

Where a company is organized to "give financial aid and benefit to the widows, orphans and dependents of deceased members," a member who himself makes the contract and pays the premiums may, in the absence of any provisions to the contrary in the charter or by-laws, name any one he pleases as beneficiary, although the person has no insurable interest in his life. 2 May on Ins., Sec. 399e; Milner v. Bowman, 18 Ins. L. J. 708.

The qualification that insurable interest is not required, where the contract is entirely between the insurer and the insured, is equally applicable to mutual benefit societies. Ingersoll v. K. of G. R., 47 Fed. Rep. 272.

In the following cases the terms of the constating instruments were held not to contain limitations upon classes eligible as beneficiaries. Where the language was: "the general nature of its business and its general purpose is the insuring of the lives of the members upon the plan of paying to the representative of every

deceased member a certain sum to be assessed upon
and received from the other members of said associa-
tion." Walter v. Hensel, Adm., 42 Minn. 204.

Where the law of the corporation required applicants
to enter upon their applications "the name or names
of the members of their family or those dependent
upon them" to whom they desire the benefit paid, and
that members in good standing might surrender their
certificates and have new ones issued, payable "to such
beneficiary or beneficiaries dependent upon them as
they may direct." Marsh v. Supreme Council Am.
L. of H., 149 Mass. 512.

So where provision in the constitution was that the
object of the order is to "afford financial aid and
benefit to the widows, orphans and heirs or devisees of
the deceased members of the order." Lamont v.
Grand L. Ia. L. of H., 31 Fed. Rep. 177.

Likewise where the charter declared its purpose to
be "benefiting and aiding the widows and orphans of
deceased members" and by-law provided that the bene-
fits on the death of a member should be payable "to
such person as the deceased may have designated to
receive the same, as appears on books of the lodge of
which he is a member." Maneely v. K. of B., 115 Pa.
St. 305.

Is not, from the foregoing authorities, the conclu-
sion inevitable that where, as in the case at bar, the
member himself has paid the dues and taken out the
certificate of membership he may direct the benefit to
be paid to any one if nothing in the statute limits or
restricts as to beneficiaries?

If any restriction exists as to whom benefits might
be made payable by this association, yet none but the
association itself can raise any question in that regard.

Though the constitution provides that the certificate
shall be made payable only to the families or someone

Danielson v. Wilson.

dependent upon the members, yet this question can only be raised by the association.   Knights of Honor v. Watson, 64 N. H. 517; 15 Atl. Rep. 125.

No one but the insurer can raise the question of want of insurable interest.   It is not available to the heirs of the insured.   Johnson v. Van Epps, 110 Ill. 551.

A policy of life insurance for the benefit of one not a relative is not against public policy, and if it were, no one but the insurer could raise the question.   It could not avail his heirs.   2 May on Ins., Sec. 399e.

A provision of the society's constitution limiting the beneficiaries to the members of the assured's family, or those dependent upon him, is for the society's benefit only.   Johnson v. Supreme L. of K. of H., 13 S. W. Rep. 794.

"A residence together is essential to constitute a family."   Rock v. Haas, 110 Ill. 528.

"Family:   Originally, servants; in its modern comprehensive meaning, a collective body of persons living together in one house, or within the curtilage."   Anderson's Law Dic.

Under the term "family" no relationship is necessary.   It may mean husband and wife having no children and living alone together; or any group constituting a distinct domestic or social body.   Carmichael v. N. W. M. B. A., 51 Mich. 494.

Mere relation of father and son does not constitute an insurable interest.   Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35.

A sister living in a member's house is a member of his family.   Keystone Mut. Ass'n v. Beaverson, 16 W. N. C. (Pa.) 188.

SAMUEL J. HOWE, attorney for appellee.

The Policemen's Benevolent Association is licensed only for the particular business and objects enumerated

in the certificate of the promoters, and the powers therein specifically enumerated and such other powers as are incidental and necessary to carry those powers into effect, and none others, can be exercised by the corporation.   Caldwell v. City of Alton, 33 Ill. 416; Marsh v. Astoria Lodge, 27 Ill. 421; Trustees v. McConnel, 12 Ill. 140; Metropolitan Bank v. Godfrey, 23 Ill. 579; City of Chicago v. Rumpff, 45 Ill. 90; The People v. Chicago Board of Trade, 45 Ill. 112; Bacon on Benefit Societies and Life Insurance,  Sec.  47; Rockhold v. The Canton Masonic Mutual Benevolent Society, 129 Ill. 440.

The purpose of the organization, as fixed by its charter or certificates of incorporation, as well as by article II of its constitution, is "to create a fund and provide means for the relief of the distressed, injured, sick or disabled members thereof, and their immediate families," and the beneficiary named in any certificate issued by said association, must fall within the classes enumerated in said charter.   Alexander v. Parker, 144 Ill. 355; Palmer v. Welch, 132 Ill. 141; American Legion of Honor v. Perry, 140 Mass. 580; Britton v. Royal Arcanum, 46 N. J. Equity, 102; Bacon's Benefit Societies and Life Insurance, Secs. 245 and 252; Kentucky Masonic Mutual Life Insurance Co. v. Miller, Adm'r, 13 Bush (Ky.) 489.

The Policemen's Benevolent Association having no power to issue a certificate of membership payable upon the death of an insured person to a person not within the classes enumerated in the charter or certificate or incorporation of said association, a certificate so issued is void.   State v. Central Ohio Mutual Relief Ass'n, 29 Ohio St. 399; National Mutual Aid Association v. Gonser, 10 Am. and Eng. Corp. Cases, 594.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee, Daisy E. Wilson, a married daughter of one Elef Danielson, an ex-police officer of Chicago, filed her bill in the Circuit Court of Cook county, against the Policemen's Benevolent Association of Chicago, Peter J. Danielson, a brother of said Elef, and Norwegian Old People's Home Society, by which she sought to set aside, as fraudulent and void, the cancellation of a certificate of insurance issued to her father by said Policemen's Association, in which she was named as beneficiary, and to have another certificate, in which Peter J. Danielson and Old People's Home Society were named as beneficiaries, issued by said association, in lieu of the former, cancelled and annulled, each certificate being for the sum of $2,000; also asking that said association be decreed to pay her the money due under the former certificate, and be enjoined from paying any money to Peter J. Danielson and the Old People's Home Society on account of the certificate in which they were named as beneficiaries.

Answers were filed by the defendants, and a cross-bill by Peter J. Danielson and Old People's Home Society, in which they asked that the association be decreed to pay to them the money they claimed to be due under the certificate of the association in their favor.    Answers were filed to the cross-bill, and replications by both the original and cross-complainants to the several answers were also filed.    The court, after a hearing, decreed that the association pay one half the proceeds of the certificate in which Peter J. Danielson and the Old People's Home were beneficiaries, to said Peter, and the other half thereof to complainant. The Old People's Home and Peter J. Danielson have appealed.

It appears from the evidence and admissions of the parties, and the chancellor found, that Daisy E. Wilson was the only child, heir at law and next of kin of Elef Danielson, deceased, who died July 5, 1896; that she left her father's home some five years before her father's death, and went to reside with her mother, the wife of said Elef, who had separated herself from her husband; had subsequently married, and had not lived with her father at any time during said five years before his death; that the Policemen's Benevolent Association was organized in 1877 under the laws of Illinois relating to corporations, not for pecuniary profit; that the purpose for which said association was organized was "to create a fund and provide means for the relief of the distressed, injured, sick or disabled members of the association and their *immediate families*;" that this object of the association was so stated in its charter and constitution; that Elef Danielson became a member of said association, and so continued, in good standing, up to the time of his death on July 5, 1896; that the association issued and delivered to Elef Danielson its benefit certificate No. 2120, in which complainant was named as beneficiary; that this certificate was held by Elef Danielson, and it continued in full force and effect until about June 11, 1896, when it was delivered by him to a trustee of the association to be canceled, and a new certificate issued in lieu thereof, in which the beneficiaries were to be Peter J. Danielson and Norwegian Old People's Home Society of Chicago, in accordance with a written direction on the back of the certificate signed by said Elef Danielson; that the association, pursuant to said written direction, canceled certificate No. 2120, and on June 29, 1896, issued a new certificate, No. 4653, by which the association, in consideration of certain payments made and to be made by Elef Danielson and other considerations, promised

and agreed to pay to Norwegian Old People's Home Society of Chicago and Peter J. Danielson, brother of said Elef Danielson, in equal shares, in thirty days after satisfactory evidence of the death of said Elef, $2 for every member of the association, provided the aggregate sum to be paid should in no event exceed $2,000; that Elef Danielson procured a divorce from his wife, for her fault, a short time prior to his death; that soon after Elef Danielson's wife separated from him, his brother, said Peter, and the wife of Peter went to the home of Elef Danielson and there resided with him in his home from that time to the death of Elef; that appellant, Norwegian Old People's Home Society, is a charitable organization incorporated under the laws of this State, its object being to found, maintain and manage a home for worthy, indigent old people, and for such other aged persons as are able and willing to pay for a good Christian home; that certificate No. 2120 was destroyed by the officers of the association at the direction of Elef Danielson; that Peter J. Danielson was at the time of the issuance of certificate No. 4653, and at all times thereafter during the lifetime of Elef Danielson, a member of his family, and as such entitled to take as beneficiary under certificate No. 4653, but that the Old People's Home was not such a person as was entitled to take as beneficiary under the charter, constitution and by-laws of the association; that section 4 of article II of the constitution of the association, allows a member to change the name or names of the beneficiary or beneficiaries designated in his application, upon application in writing to the recording secretary, stating to whom he desires such benefits paid.

Complaint is made of the findings and decree of the chancellor, because they hold that the Old People's Home is incompetent to take or receive benefits from the association. This contention can not be main-

tained. The statute of this State, Chap. 32, Sec. 31, in regard to corporations of the class of said association, and under which it was incorporated, provides that associations and societies which are intended to benefit the widows, orphans, heirs and *devisees* of deceased members thereof, and where no annual dues or premiums are required, and where the members shall receive no money as profit or otherwise, shall not be deemed insurance companies, and also that corporations organized under the act shall have power to make and enforce contracts in relation to the legitimate business of the corporation, society or association.

This statute is broad enough in its terms to allow the incorporation of an association which has for its object the benefit of *the heirs and devisees of deceased members*. The charter of the Policemen's Benevolent Association states its object to be, ''To create a fund and provide means for the relief of the distressed, injured, sick and disabled members of the association, and their immediate families.'' The object, as stated by the constitution, is very much narrower than the statute would permit. It is elementary that a corporation has no power not expressly or by implication conferred upon it by its charter. Though the statute may allow a wider scope to corporations not for pecuniary profit, than their constitution and by-laws, still the latter control as to the powers of such corporations, and therefore the constitution and charter having limited benefits to the members of the association and their *immediate families*, the Old People's Home was incapable of taking. Bacon on Benefit Societies, Secs. 47, 48, 91 and 244, and cases cited; 2 Joyce on Ins., Sec. 728, and cases cited; Kentucky, etc., Co. v. Miller, 13 Bush. 489; Amer. Legion of Honor v. Perry, 140 Mass. 589; Marsh v. Amer. Legion of Honor, 149

Mass. 514; Pres. M. A. Fund v. Allen, 106 Ind. 596; Palmer v. Welch, 132 Ill. 141; Alexander v. Parker, 144 Ill. 355.

There is nothing in the cases of Benefit Ass'n v. Blue, 120 Ill. 121, and Martin v. Stubbings, 126 Ill. 387, relied upon by appellants, in conflict with the principle stated. In the Blue case the act under which the association was organized authorized such associations "for the purpose of furnishing life indemnity or pecuniary benefits to *devisees or legatees*," of the members. The policy was taken out by Bailey, made payable to Blue, and Bailey paid all the premiums. The contention was that the policy was void because Blue had no insurable interest in the life of Bailey, and also because the statute under which the association was organized rendered the policy void. The court held that as Bailey paid the premiums and took out the policy himself, it was valid—not a wagering policy—and that as the language of the statute was broad enough to allow Bailey to take out a policy on his life and devise it to a stranger, no principle of public policy was violated by making the policy payable to a stranger—that the contract was not prohibited by the statute. In the Stubbings case, the statute under which the corporation was organized, and also its charter, permitted the benefits to go to the *devisees and legatees of deceased members*. The certificate of membership was payable to the widow, children or heirs of the member, in the order named, *unless otherwise ordered* by the member *during his lifetime or in his will*. Stubbings was a creditor of the member, and the certificate was assigned to and deposited with Stubbings as security for a note given by the member evidencing the indebtedness to Stubbings. The court sustained the assignment and decreed the money to Stubbings as against the widow of the member, and held, reaffirming the Blue case,

*supra*, that inasmuch as the statute and charter empowered the member to name as his beneficiary his legatee or devisee without any restriction whatever, that
"no rule of public policy would be violated by the
adoption of a different mode of selection of a beneficiary.
No substantial rights of any party are better secured or
protected by one mode of appointment than by another.
The mode of selection is mere matter of form and *does
not go to the substance of the right* to select beneficiaries.
* * * He (Stubbings) was a person capable under
the statute of becoming a beneficiary, and the absolute
right of naming him as such was in Martin (the member)." As these cases seem especially to be relied on
by counsel, we deem it unnecessary to notice the other
cases cited on this point, further than to say, they are
not, in our opinion, sustained by the reason and weight
of authority in so far as they conflict with the principle
announced.

As to the other contentions of appellants, that the
association only could raise the question as to the
beneficiary, and that the contract is executed, we think
what has been said answers the first contention, and
as to the second, it is not, in our opinion, supported
by reason or authority which is applicable to the case
at bar.

It is also claimed that appellee, Mrs. Wilson, was
not a member of the family of Elef Danielson, and
therefore she could not take, and that if the Old
People's Home Society can not take, then Peter J.
Danielson being competent to take, the whole fund
should go to him. This presents a question difficult
of solution. The object of the association was to
create a fund and provide means for members and
*"their immediate families."* Was Mrs. Wilson of the
immediate family of Elef Danielson? The Century
defines the term "immediate" as follows: "Not sepa-

rated from its object or correlate by any third medium; directly related; independent of any intermediate agency or action; having a close relation;" and Webster defines it, viz.: "not separated, in respect to place, by anything intervening; proximate, close; as immediate contact." Black defines family as follows: "A family comprises a father, mother and children. In a wider sense, it may include domestic servants; all who live in one house under one head." And the Century defines family as "the collective body of persons who form one household, under one head, and one domestic government, including parents, children and servants, and, as sometimes used, even lodgers or boarders." Webster gives about the same definition. The Century gives a further definition, viz.: "Parents with their children, whether they dwell together or not; in a more general sense, any group of persons closely related by blood, as parents, children, uncles, aunts and cousins; often used in a restricted sense only of a group of parents and children founded upon the principle of monogamy." Bouvier defines family, viz.: "Father, mother and children." All the individuals who live under the authority of another, including the servants of the family."

If the question is to be determined as of the date of deceased's original certificate, as is held in Brooklyn M. R. Ass'n v. Hanson, 53 Hun. 150, then there is no difficulty, because at that time Mrs. Wilson was residing with her father and came clearly within the phrase "their immediate families," as defined.

The question at bar, we are inclined to think, however, is, was Mrs. Wilson, she having left her father's home and being married, still of his immediate family at the time the changed certificate was made, shortly prior to her father's death? It is not a question of power of appointment, as argued by counsel; the power

of appointment was exercised in making Peter J.
Danielson one beneficiary, and the Old People's Home
another, in equal shares. The latter appointment
failed, because the Home could not take. Peter J.
Danielson comes within some of the definitions of a
member of a family, as he is shown to have resided
with deceased at the time the certificate was changed,
and also when Elef Danielson died, but he can take
only by virtue of his designation as a beneficiary,
which was as to only one-half of the fund. Mrs. Wil-
son, being a child, comes within the class included in
the definition of the word family as given by all the
lexicographers mentioned, and we think within the
class included in the phrase "immediate family."
She is directly related—had a close relation to Elef
Danielson. The fact that she was not living with him
is not controlling under the definition given in the
Century. The object of the association was certainly
to provide for the members, and their wives and chil-
dren after the death of the members.

In Palmer v. Welch, 132 Ill. 148, in which the stat-
ute of Massachusetts authorized the corporation to be
formed "for the purpose of assisting the widows,
orphans or other relations of deceased members, or
any persons dependent upon deceased members," and
one of its objects being to establish a benefit fund
from which a sum not exceeding $3,000 shall be paid
to his (the member's) *family* or those dependent upon
him, as he may direct, the Supreme Court held that
the member could not direct the fund to be paid to a
person outside of the classes designated by the law and
the articles of association, and if he did so, such desig-
nation would be void, and that the law itself would
dispose of the fund, and gave it to two brothers
who were within the class, relations, as authorized by
the statute, and were the heirs at law and next of kin

of the deceased member, though not shown to be living with or in any way dependent on the member, as against the member's affianced wife, who was designated by him as his beneficiary. We therefore think that as Mrs. Wilson was within the class designated by the statute under which the association was organized, and within the charter, in the absence of a valid designation by Elef Danielson in his lifetime as to how one-half of the fund should go, she should take the same as his heir at law.

The decree of the Circuit Court is affirmed.