JESSE F. BLUNT, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED JUNE 16, 1913.   No. 17,226.

1. **Master and Servant:** RELIEF FUND: APPLICATION: FALSE STATEMENTS: WARRANTIES. The statement contained in an application for membership in the voluntary relief department of the defendant company that the applicant was only 25 years of age is a warranty; and it appearing that the applicant was in fact more than 35 years old when he made his application, that fact being unknown to the company, will render the contract of insurance void.

2. ———: ———: ———: FRAUD. The plaintiff, while living at Plattsmouth, had many times participated in the relief fund of the defendant under the name of "Jesse F. Blunt." He after-

wards removed to McCook, Nebraska, changed his name to "Jesse Blount," and represented his age to be 25 years, when, as a matter of fact, he was more than 35 years old, and thus again secured membership in the relief department of the defendant, which otherwise he could not have done. *Held*, That his membership was secured by fraud, and was void.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*Byron Clark* and *William A. Robertson,* for appellant.

*Matthew Gering, contra.*

BARNES, J.

Action against the Chicago, Burlington & Quincy Railroad Company to recover the sum of $315, alleged to be due the plaintiff from the relief department of the defendant company. A trial in the district court for Cass county resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

It appears from the abstract and bill of exceptions that on the 19th day of September, 1907, the plaintiff, under the name of Jesse Blount, made an application to the relief department of the defendant company for membership therein, in which he stated that his name was Jesse Blount; that he was 25 years of age; that he had been a member of the relief department in 1901 and 1906. In answer to the question, "What long or serious sickness or sicknesses have you had?" he stated, "Not any." In answer to the question, "When were you last unable to work on account of injury?" he stated, "Never hurt." It is conceded that the answers to these questions were untrue, but it is contended that they were not warranties; that they were merely representations which in no way affected the policy of insurance in question.

It appears that plaintiff had previously made several applications to join in the distribution of this fund under the name of Jesse Blunt, and Jesse F. Blunt, and had been accepted, and had on 13 different occasions partici-

pated in the distribution of the fund. His former applications had been made at Plattsmouth, and when he went to McCook he took the name of "Blount," and made the application on which this action is based. It also appears that plaintiff was injured about the 8th day of January, 1908, for which he received $7.50, and the 1st of March, 1908, for which he received $537, and again the last part of that month in 1909; that from the time he received his last injury he drew from the fund $153. On the 13th day of August, 1909, it was ascertained that plaintiff had theretofore applied for membership at different times, and had received benefits under the name of "Jesse Blunt," and thereupon the defendant refused to make further payments.

The question to be determined at the outset of this controversy is: Were the statements made by plaintiff in his application to join the relief department of the defendant company warranties? If so, then the policy of insurance was void, and plaintiff cannot maintain this action.

It is conceded that the statement of the plaintiff as to his age was a warranty. But it is claimed that it was immaterial to the risk; that defendant would have issued the policy notwithstanding the falsity of the statement. We think this argument is not well founded for the following reasons: By stating his age as only 25 years he was put in line for employment as a locomotive fireman, for which he would be entitled to wages at the rate of $75 a month. This made him eligible to the third class in the relief department, and entitled him to draw $1.50 a day from the relief fund in case of sickness or injury, and he was placed in that class. If he had truthfully stated his age, he would have been eligible to the first class, and would have drawn only 50 cents a day.

Again, it is disclosed by the testimony that the plaintiff took the name of "Jesse Blount," instead of his true name, Jesse F. Blunt, for the purpose of deceiving the defendant. He had a record under the name of "Blunt" which would clearly bar him from a participation in the third class of

55

the relief fund, and by his application under the name of "Blount," and his statement therein contained that he was only 25 years of age when, as a matter of fact, he was over 35 years old, he was able to avoid that record, and did avoid the discovery of his fraud until the 13th day of August, 1909, when the exposure came, and he was denied further payments.

It is contended that the relief department might have known the falsity of the statements, or by the use of ordinary diligence could have ascertained their falsity. But it appears, without dispute, that they never connected the plaintiff with the man who had previously applied for membership under the name of "Blunt" until August 13, 1909, and the reason for the failure is explained by the testimony of Mr. Redfern, who stated that two different numbers were used, one being file number 22,018, and the other being number 121,290, and this explanation, in the absence of any evidence to the contrary, seems conclusive. In view of the foregoing facts, we deem it clear that the statement was a warranty, was material, and the insurance contract was thereby rendered void. *Ætna Ins. Co. v. Simmons*, 49 Neb. 811; *Royal Neighbors of America v. Wallace*, 73 Neb. 409; *Koerts v. Grand Lodge Hermann's Sons*, 119 Wis. 520; *Callies v. Modern Woodmen of America*, 98 Mo. App. 521, 72 S. W. 713; *Cobb v. Covenant Mutual Benefit Ass'n*, 153 Mass. 176; *Thomas v. Grand Lodge, A. O. U. W.*, 12 Wash. 500; *Dunning v. Massachusetts Mutual Accident Ass'n*, 99 Me. 390; *Smith v. Supreme Lodge, K. & L. G. P.*, 123 Ia. 676; *Standard Life & Accident Ins. Co. v. Sale*, 121 Fed. 664.

It is also contended that the insurance contract was rendered void by plaintiff giving his name "Jesse Blount," instead of Jesse F. Blunt, which was his true name. Plaintiff argues, however, that the name was not material to the risk, and therefore should not affect the contract. As we view the case, the plaintiff's name was material. If he had truthfully given his name he would have been at once connected with his former applications and membership,

and it would have been ascertained that he had incorrectly stated his age, and his application would have been denied. In answer it is said that the name was *idem sonans*. We think this contention is also unsound, for Blunt and Blount are two distinct and different names. They do not sound alike, and are not referable to one and the same person. We are therefore of opinion that plaintiff's assumption of the name of "Blount" was material to the risk.

Having determined that in at least two respects the plaintiff's statements on which he obtained the insurance were warranties and were material to the risk, and that they were admittedly false, it follows that the trial court should have directed a verdict for the defendant.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

LETTON, ROSE and HAMER, JJ., not sitting.