# Slaughter *v.* Grand Lodge, *et al.*

## *Bill to Cancel an Insurance Agreement.*

(Decided April 16, 1915.　68 South. 367.

1. *Insurance; Mutual Benefit; Bill; Pleading.*—A bill against a fraternal benefit association seeking to recover on a certificate as the original beneficiary and sole heir of the insured should set forth the date of the certificate, the provision of the charter and the by-laws as to naming and changing the name of the beneficiary.

2. *Same; Change of Beneficiary.*—Unless restricted by some statute or the charter or by-laws, or in the contract of insurance, an insured has the right to change the beneficiary named in the certificate without the consent of such beneficiary, and such beneficiary cannot invoke the aid of the court to annul the change of the beneficiary made by the insured in his lifetime, on the ground of fraud practiced on him.

3. *Same; Vested Interest of Beneficiary.*—In the absence of some controlling provision of law or of the contract to the contrary, a beneficiary named in the certificate of insurance has no vested interest therein until the happening of the contingency on which the insurance is payable, but has an expectancy only, although he may invoke judicial action to ascertain the want of mental capacity in the insured to change the beneficiary, and thus question the power of the insured to agree with the association as to who shall receive the proceeds.

4. *Same; Rights of Insured.*—An insured has no property right under his certificate, and nothing passes thereby to his estate at his death, unless by the terms of the certificate, or by statute, or by valid regulation or provision of the association, it is otherwise provided.

5. *Same; Instruction of Bill.*—Where the original beneficiary and sole heir of insured seeks to recover on the certificate, and the amended bill disclosed no existing restrictions upon the right of the insured to change the beneficiary therein named when he undertook to effect such change, such amended bill must be most strongly construed against the pleader, and will be construed, as showing that the naming of another beneficiary was not an attempt to do what the insured could not legally do.

6. *Same; Retroactive; Statute.*—Acts 1911, p. 700, do not apply to or affect a contract of fraternal benefit insurance entered into before its enactment.

7. *Equity; Bill; Construction.*—While, for the purpose of determining its equity, a bill must be construed as if all amendable defects or deficiencies had been remedied or supplied, the assumed amendment thereto cannot avail to supply or to interpose the allegation of independent fact or matter essential to be averred to give it equity.

8. *Insurance; Construction of Contract.*—All the valid and effective provisions of the charter and by-laws of a fraternal beneficiary association are to be read into its policy contracts.

9. *Same; Change of Beneficiary.*—Where the bill against a fraternal beneficiary association did not show but that the insured had the right to change the beneficiary, and failed to disclose any right of the heir under the certificate, the original beneficiary, who was also the sole heir of the insured, had no rights against the association.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. W. H. SIMPSON.

Bill by Rena Slaughter against the Grand Lodge and others to cancel an insurance agreement, and for an accounting as to the proceeds. From a decree dismissing the bill and dissolving an injunction issued pendente lite, complainant appeals. Affirmed.

W. H. LONG, JR., for appellant.

WERT & LYNNE, for appellee.

McCLELLAN, J.—This appeal brings under review the conclusion of the chancellor that the amended bill, filed by appellant against the appellees, is without equity, and in consequence, the propriety of his action in dissolving the injunction issued pendente lite, in the sustaining of the demurrer to the bill, and in dismissing the bill without qualificaton. The bill states this case: Complainant's husband, Phillip Slaughter, now deceased, has a subsisting life insurance policy or benefit in the mutual fraternal order named as defendant, appellee. In it originally his wife was named as the beneficiary. By agreement made between J. A. Jackson and Phillip Slaughter, the latter conveyed to Jackson 20 acres of land owned by him, and had the insurance policy so changed as to make J. A. Jackson's wife, Tempie, the beneficiary therein. According to the agreement, Jackson paid one small premium on the policy

after the agreement was made and before Slaughter died. The consideration purporting to move from Jackson to Slaughter was Jackson's promise "to take care of said Phillip Slaughter and his wife, Rena Slaughter [the complainant] for the balance of their natural life [lives]." It is averred that Jackson failed, in violation of his agreement, to take care of Phillip during the time he lived after the agreement was made, and to take care of Rena, the wife, at any time since the agreement was made. It appears from the amended bill that the complainant is the sole heir of the estate of Phillip Slaughter deceased.

(1) It is to be noted that the bill is deficient in failing to set forth the date of the policy, provisions of the charter of the order pertinent to the naming and changing of the name of beneficiaries, and provisions of the by-laws thereof touching the naming and changing of the names of the beneficiaries in policies issued by the order. As is apparent, the consideration of the bill's equity is much embarrassed by the failure to include appropriate allegations in respect of the matters mentioned.

As amended, the bill's special prayer is that the agreement be canceled, avoiding the change made in the policy of insurance, and that the fraternal order be enjoined from paying the amount of the insurance that has accrued on the policy to Tempie Jackson, and that its payment to complainant be compelled. There is also a general prayer for relief. It has been written into generally accepted rule that, as respects beneficiaries under ordinary policies of life insurance and beneficiaries under policies or certificates of life insurance issued to members of fraternal benefit societies or associations, important differences exist, notwithstanding outward appearances indicate little, if any, dissimilar-

ity.—Niblack on Benefit Societies, § 212; *Thomas v. Grand Lodge,* 12 Wash. 500, 41 Pac. 882; 1 Bacon on Benefit Societies and Life Insurance, § 289; *Cade v. W. O. W.,* 27 Wash. 218, 67 Pac. 603; *Presbyterian Mutual Assur. Fund v. Allen,* 106 Ind. 593, 7 N. E. 317; *Warner v. Modern Woodmen,* 67 Neb. 233, 93 N. W. 397, 61 L. R. A. 603, 108 Am. St. Rep. 634, 2 Ann. Cas. 660-664.

(2, 3) In the absence of restrictions laid upon the right of one insured in such societies—by statute, by charter or by-law provision of the society or association, or in the contract of insurance—to change the beneficiary named in the certificate or policy, the insured has the right to do so without the consent of the then named beneficiary.—Authorities supra; 29 Cyc. pp. 125 et seq. Unless there is controlling provision of law, of rule, or of contract to the contrary, the beneficiary named in such policies or certificates has no vested interest therein or thereunder until the happening of the contingency on which the insurance is payable.—*Hoeft v. K. of H.,* 113 Cal. 91, 45 Pac. 185, 33 L. R. A. 174; 4 Cooley's Briefs on Insur., pp. 3756 et seq.; authorities, supra. Under those circumstances a beneficiary has an expectancy only; the contract being between the insured and the society or association.—Authorities, supra. While a beneficiary without a vested interest as stated may invoke judicial action to adjudge the want of mental capacity in the insured to change the beneficiary (*Grand Lodge, etc., v. Frank,* 133 Mich. 232, 94 N. W. 731), thus questioning the power of the insured to engage with the society or association, for the disposition, upon the death of the insured, of the proceeds of the insured's bounty, yet such a beneficiary cannot invoke the courts to annul the change of beneficiary made by the insured during his lifetime, on the ground

of fraud practiced upon him—*Hoeft v. K. of H., supra; Alfsen v. Crouch,* 115 Tenn., 352, 89 S. W. 329; *Brown v. Grand Lodge,* 80 Iowa 287, 45 N. W. 884, 20 Am. St. Rep. 420; *Cade v. W. O. W.,* 27 Wash. 230, 67 Pac. 603.

(4) Unless the contract, in terms, or as impressed by statute or valid regulations or provisions of the association, concludes to a different effect, the member has no property right under his policy of insurance; and hence nothing passed thereby to the member's estate upon his death.—2 Ann. Cas., supra.

(5-7) The amended bill discloses no existing restrictions upon Phillip Slaughter's right to change the beneficiary named in the policy when he undertook to effect the change. It does not appear *when* the policy was issued. Presumptively the right of the insured to change the beneficiary was unrestricted so far as the originally named beneficiary (the complainant) was concerned.—*Thomas v. Grand Lodge,* 12 Wash. 500, 41 Pac. 882, 883. If the policy was issued before the act approved April 24, 1911 (Acts 1911, pp. 702, 703), became effective, that act did not apply to or affect the policy contract.—*Nat. Union Co. v. Sperry,* 180, Ala. 627, 61 South. 944; *Brotherhood, etc., v. Milner,* 193 Ala. ........, 69 South. 10. Since the pleading must be construed against the pleader, we must so interpret the amended bill as to exempt the insured's right to change the beneficiary from any particular restriction upon it. While for the purpose of determining its equity the bill must be viewed as if all amendable defects or deficiencies had been remedied or supplied, the assumed amendment thereof cannot avail to supply or to interpose the allegation of independent facts or matter essential to be averred to inject equity into the bill. There being

nothing set forth in the bill or the policy therein described wherefrom it could be even inferred that one without an insurable interest in the life of Phillip Slaughter could not be made a beneficiary in this policy, it must be ruled, in accordance with the weight of authority, that the naming of Tempie Jackson as a beneficiary was not an attempt to do that which could not be validly done.—29 Cyc. pp. 115-117.

(8, 9) Under the allegations of this bill it cannot be held that the estate of Slaughter has any interest in the matter of contest between the complainant and Tempie Jackson. The result, as between these contending beneficiaries under the policy the bill most meagerly describes, would not affect the estate in any degree. So the administrator of Slaughter (if such there was) would be without right to vindicate or to protect in or about the policy described in this bill.—2 Ann. Cas. 660 et seq. If the fact was that the policy inured to the benefit of the estate of the decedent in an event defined, and that contingency has happened, then the administrator of the intestate would be vested with a right to protect or to vindicate. But the existence of this condition is not even intimated in the amended bill. Nor does the bill disclose any right in an heir of the decedent to invoke the court's action in respect of the policy described in the bill. If the policy contract, after having read into it valid and effective provisions of the charter and by-laws of the association (*Supreme Commandary, etc., v. Ainsworth,* 71 Ala. 436, 46 Am. Rep. 332), did make provision for the benefit of the *heir* of the decedent, then the *heir* would be possessed of a right to assert in an appropriate way. But the bill's allegations present no such condition. It cannot be supplied by recourse to the imagination.

The bill is without equity; so the decree is due to be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.