KENTUCKY MASONIC MUTUAL LIFE INS. CO. *v.* FANNIE C. GATES.

**Life Insurance Conveyed by Will.**

  Where the charter of the Kentucky Masonic Mutual Life Insurance Company provides what disposition is to be made of the fund due from the corporation on account of membership, such provision governs in preference to the will of the member, and the widow cannot recover from the company for more than the share provided for widows, notwithstanding that the terms of her husband's will gave her a larger share.

APPEAL FROM BARREN CIRCUIT COURT.

May 30, 1879.

OPINION BY JUDGE COFER:

The only power a member of appellant corporation, having a wife and children, has to regulate by his will the disposition to be made of the fund due from the corporation, on account of his membership, is to direct that it shall be appropriated equally between his wife and children. This is the express provision of the charter, which must control in preference to the will of the member. *Kentucky Masonic Mut. Life Ins. Co. v. Miller's Adm'r,* 13 Bush 489.

It results, therefore, that the court erred in rendering judgment against the company in favor of the widow for more than the share to which she is entitled under the provisions of the charter. The charter does not provide in terms what share the widow shall be entitled to. But the provision empowering the member to direct by will that the fund shall be appropriated for the benefit, equally, of his widow and children, is sufficient to show that when there are no such directions in his will that the money is not to be divided equally between them, and we incline to the opinion that the intention was that it should be divided according to the law of distribution, the widow taking one-third and the children two-thirds.

Wherefore the judgment is *reversed* and the cause remanded with directions to render judgment in favor of tthe appellee for one-third of the amount due on the certificate of membership.

*John M. Porter,* for appellant.
*Lewis & Porter,* for appellee.