SUSAN R. GREENO AND JOHN A. SUTHERLAND, AS
  EXECUTORS, ETC., APPELLANTS, v. MARY E. GREENO AND
  OTHERS, RESPONDENTS.

*Mutual insurance society — right of the insured to dispose of the amount payable at his death by his will — when it will not pass under the residuary clause thereof — Duty of an executor as to selling non-perishable articles of personal property.*

The plaintiff's testator was a member of the Conductors' Life Insurance Company, the by-laws of which provided that, upon the death of any member, each of the survivors should pay the sum of one dollar, and that the premium so to be paid in case of the death of any member, "may be disposed of by his last will and testament, otherwise it shall belong to and be paid to his widow ; or in case he shall leave no widow, then to the heirs and legal representatives of the deceased ; and in the absence of such will, and in case such member leave no widow, heirs or legal representatives, such premium shall revert to the company."

*Held,* that the power reserved to the testator to dispose of the amount payable at his death was in the nature of a power of appointment, and must be exercised as such.

That the said amount would not.pass as a part of his estate under the residuary clause of his will, but only in pursuance of a clause expressing in clear and, unmistakable terms the intention of the testator to divert it from the purposes to which by the by-laws of the company it was to be devoted.

Executors and administrators are not required to sell non-perishable personal property unless the will so provides, or it be necessary to enable them to pay debts and legacies; and they should not, upon their final accounting, be charged with interest upon the value of articles so retained by them.

APPEAL from a decree of the surrogate of Erie county on the final settlement of plaintiffs' accounts, as executors of Amos H. Greeno, deceased.

Amos H. Greeno died at his residence in the city of Buffalo, March 7, 1873, leaving the plaintiff Susan R., his widow, and three minor children, viz., Mary E., Sarah E. and John C., the children of a deceased wife, and Lemuel S., his only child by the said Susan R. By his will he bequeathed to his mother, Mehitabel Greeno, an annuity of $100 charged upon his real and personal estate. Subject to that charge he bequeathed all his "personal estate according to the provisions of the statute for the distribution of the personal estate of intestates." He devised one-third of his real estate to his wife, and the remaining two-thirds to his children. He appointed his wife sole testamentary guardian of his children and executrix of his will, with Converse P. Greeno, his brother, and John A. Sutherland, his brother-in-law, as executors.

The testator had been for many years before his death a railway conductor employed by the New York Central Railroad Company. He left personal assets amounting to about $5,300, and land which was sold by the executors under a power in the will for $2,700. In March, 1877, the executrix and Sutherland, the executor, filed their petition for a final accounting, and from the decree of the surrogate entered thereon this appeal was taken.

The principal subjects of controversy between the parties are the following: 1. At the time of the testator's death the sum of $1,178.32 stood to the credit of "Amos H. and Susan R. Greeno" in the Erie County Savings Bank. This account was opened in 1870. A bank book was delivered to the joint depositors, in which were entered to their joint credit or debit deposits and drafts from time to time. The last deposit in the testator's lifetime was $1,100, January 29, 1873. This deposit was made by his express direction. The executors in their inventory of the estate, which was filed with the surrogate in April, 1873, returned this money as assets. The widow asserted her right to the money on her final accounting, but the legatees insisted that the money should be accounted for as assets, and so the auditor and the surrogate decided.

2. At the time of the testator's death the sum of $500.27 stood to the credit of Susan R. Greeno in the Rochester Savings Bank. She

held a bank book, and the account had continued in her own name from 1866 till her husband's death, with no change. There was an entry on the book: "A. H. Greeno may draw, October 26, 1875." The auditor reported as to this and the deposit in the Erie County Savings Bank: "It has been proven that these deposits were made with the money of the husband, and there is not sufficient evidence that he intended to make a gift of them to the wife. I find that they were made in the name of himself and wife for the convenience of the testator, and not otherwise." He therefore charged the executrix with this sum as assets, but the surrogate disapproved this finding and refused to charge the executrix with the Rochester deposit.

3. In 1868 the testator received a certificate of membership of the "United States Railroad Conductors' Life Insurance Company," pursuant to which Susan R. Greeno, as his widow, received after his death from the association $3,115 as for a life insurance. This so-called company was a voluntary unincorporated association. Its funds were derived, according to the usual plan of similar associations, by the contribution of a fixed sum (one dollar) by each member upon the occurrence of a death, the money due in that event being payable as provided in the by-laws of the company.

Under this by-law, and by virtue of the bequest of "all the personal estate" of the holder of the certificate, it was claimed by his legatees that the money paid by this association should be distributed as assets, and so the auditor and the surrogate decided.

*McMaster & Norton*, for the appellants.

*W. H. Gurney*, for the respondents.

RUMSEY, J.:

The first and third exceptions of the appellants to the decree of the surrogate relate to the money on deposit in the Erie County Savings Bank, and are not well taken. Mrs. Greeno, the executrix, swears that in January, before her husband's death, she went to Syracuse and obtained ten or eleven hundred dollars which belonged to him, took it home and gave it to him. This money was subsequently deposited by her in the bank, and the book of the Erie County

Savings Bank shows a deposit of $1,100 on the 29th January, 1873, at which time the testator was sick, and he died on the seventh day of March following. There is no pretense on her part that her husband ever gave her this money; and while she insisted at the time the inventory was made upon her right to the funds on deposit in the Rochester Savings Bank, and what was expected from the Railroad Conductors' Insurance Company, she makes no claim to this money but inserts it in the inventory as the property of the testator at the time of his death. There is no evidence in the case to show a gift of this money to her; and the mere fact that it was deposited by her in the names of herself and her husband is not sufficient, as against the other evidence in the case, to vest her with the title to it. The charge for the interest followed as a necessary consequence of her liability for the principal sum.

The appellants' second and fourth exceptions to that part of the decree which charges Mrs. Greeno, as executrix, with the sum of $3,104.80 received by her from Conductors' Life Insurance Company, and interest on the same, are more important in view both of the amounts and the principle involved. The precise character of this insurance company does not appear, or whether it had any compulsory means of compelling its members to pay the amounts necessary upon the death of either. The by-laws do provide for the payment by each surviving member of one dollar, upon receiving notice of the death of one of their number; and by the ninth by-law it is provided "the premium to be paid in case of the death of any member of this company may be disposed of by his last will and testament, otherwise it shall belong to and be paid to his widow; or in case he shall leave no widow, then to the heirs and legal representatives of the deceased; and in the absence of such will, and in case such member leave no widow, heirs or legal representatives, such premium shall revert to the company."

Whether the company has the power to compel the payments necessary to create the fund required, or must depend upon the voluntary action of its members for that purpose, does not change or affect the legal rights of the parties interested in it, if the money is in fact furnished and paid over. The ownership of it is then to be determined according to the established rules of law. Where a party effects an insurance upon his own life for the benefit of his

wife or his child, and the amount is made payable to them in case of his death, and no power is reserved to the insured by any act of his own to change the policy or divert the disposition of the fund, he has no interest in it, and can do no act in relation to it which shall conflict with the interest of the beneficiary. The rights of such beneficiary under the policy become vested as soon as it is issued, and no persons except those to whom it is thus payable can assign, surrender or otherwise dispose of the policy, and the courts will protect such beneficiaries against all acts interfering with their rights. (*Ruppert* v. *Union Mutual Ins. Co.,* 7 Robt., 155; *Fitch* v. *Am. Popular Ins. Co.,* 59 N. Y., 557; *Thompson* v. *Am. Tontine Life and Savings Ins. Co.,* 46 id., 674; *Fowler* v. *Butterly,* 78 id., 68; *Barry* v. *Brune,* 71 id., 261.) It follows from these authorities that the insured in such a policy has no property or estate in the amount payable in case of his death; that it belongs to beneficiaries named in it and would not therefore pass under a will of all his estate, for he has none in it. If, however, by the terms of the policy any power of disposition over the money payable at his death is reserved to the insured such power is in the nature of an appointment, and must be executed as such. In the case under consideration the by-laws of the company stand in the place of a policy, as none was ever issued, and by them the power is reserved to the testator by his will to direct the disposition of the money to be paid at his death, and if he had executed this power in a proper manner he would have effectually diverted the fund from the particular purpose to which it was appropriated by the arrangement under which it became payable. For reasons before stated it would not pass under the residuary clause as part of his estate, and any intention on the part of the testator to divert the fund from the very proper purpose for which it was primarily devoted should be expressed in clear and unmistakable terms. No such intention is expressed in the will which the testator has executed, and in the absence of such proper execution of the power, the money was properly paid to Mrs. Greeno as widow of the testator, and as such she has the right to retain it. In an analogous case it was held in the Kentucky Court of Appeals that it was not in the power of the company, or of the member, or both, to alter the rights of those who by charter are declared to be beneficiaries,

except in the mode and to the extent therein indicated. (*Masonic Insurance Company* v. *Miller's Admrs.*, 13 Bush, 489–494; *Duval* v. *Goodson*, in same court, reported in Alb. Law Jour. [Dec. 11, 1880], 479.)

Judge BARKER, at Special Term in Genesee county, in *Castle* v. *Cone, Executor*, in an opinion, a copy of which it furnished to the court, took the same view of a similar contract of insurance.

The surrogate therefore erred in charging Mrs. Greeno, as executrix, with the money received by her as widow from the Conductors' Insurance Company, and with interest on the same.

The articles mentioned in appellants' fifth exception, at the prices affixed thereto, were properly charged to the executors, and the exception should be overruled. A portion of them were improperly set apart in the inventory without valuation to the widow and minor children, and the remaining portion belonged to the testator at the time of his death, came to the hands of the executors and were not mentioned in the inventory of his estate at all.

None of the respondents' exceptions to the decree of the surrogate are well taken.

The money in the Rochester Savings Bank was deposited to the credit of an account opened in the name of the wife in 1866, and deposits were made to it in the same way, from time to time, and with the knowledge of testator down to near the time of his death. The preponderance of evidence sustains the ruling of the surrogate that both that money and the watch and chain belonged to the wife, as gifts to her from her husband before his death.

There is no principle upon which the executors can be charged with the interest upon the value of the piano mentioned in the inventory and which has remained in their hands since the death of the testator. Executors and administrators are not required to sell personal property, not perishable, unless required to do so by the terms of a will, or it becomes necessary to enable them to pay debts or legacies. (2 R. S., 87, § 25.)

So much of the surrogate's decree as charges plaintiffs with the moneys received from the Conductors' Insurance Company and interest on the same reversed, and the balance of the decree affirmed. Proceedings remitted to surrogate of Erie county, with direction to

modify his decree accordingly, without costs to either party of this appeal.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.