## Fidelity & Columbia Trust Company, Guardian v. Vogt, et al.

(Decided March 13, 1923.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Descent and Distribution—"Heirs at Law" Does Not Ordinarily Include Surviving Wife.—A widow is an heir of her deceased husband only in a special and limited sense and not in the general sense in which that term is usually employed or understood, and the expression "heirs at law" does not ordinarily, or according to its legal technical meaning, include a surviving wife.

2.  Wills—Remainder After Trust for Life to Son's "Heirs at Law" Held to Mean Distributees, Including Surviving Wife.—Where testator gave shares in estate to certain sons absolutely, and placed the shares of the daughters and other sons in trust during their lives, and provided that upon their deaths, their several shares should pass to their "heirs at law," and expressly provided that no husband of any daughter should acquire any marital rights or be deemed an heir at law, but made no such provision as to the wives of sons, a son's share, upon his death, passed to his distributees, including his surviving wife, under Ky. Stats., sections 1403, 2132.

H. H. NETTLEROTH for appellant.

EDW. L. McDONALD and WILLIAM W. CRAWFORD for appellees.

Opinion of the Court by Chief Justice Sampson—Affirming.

This action was instituted by the Fidelity & Columbia Trust Company as guardian and trustee against Edna Haupt Vogt and her infant daughter, seeking a construction of the thirteenth paragraph of the last will and testament of Charles C. Vogt, who died a resident of Louisville in the year 1907, leaving an estate consisting of personal property approximating in value $500,000.00. The testator made several specific devises and then directed how the remainder of his estate should be divided among his children. Following this comes the clause in question, which reads:

"Thirteenth: The shares of my sons, Rudolph F. and Benedict F., as arrived at in the division aforesaid shall be given to them absolutely.

"The shares of my daughters and my sons John F. and Nicholas E. shall be held in trust by my executor during their several lives and at death their several shares shall pass to their heirs at law, provided that if any portion thereof shall pass to any of my children whose shares of my estate are hereby placed in trust, then whatever such children receive as heir at law of any deceased child of mine shall be held by my trustee hereunder in trust as if it had been originally a part of the trust estate devised by me for the benefit of such child."

After the death of the testator his son, Nicholas E. Vogt, died survived by a widow and an infant daughter named Edna Louise Vogt. At the date of the making of the will, as also at the death of the testator in 1907, Nicholas E. Vogt was unmarried. Thereafter he intermarried with appellee. Kentucky Statutes, sections 1403 and 2132, which, in so far as relevant here, read:

Section 1403: "Where any person shall die intestate as to his personal estate, or any part thereof, the surplus, after payment of funeral expenses, charges of administration and debts, shall pass and be distributed among the same persons, and in the same proportions, to whom and in which real estate is directed to descend except, &c."

Section 2132: "After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right

to such dower or interest shall have been barred, forfeited, or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent.''

It is the contention of appellee Edna Haupt Vogt that on the death of her husband, Nicholas E., the part of testator's estate devised in trust for him passed one-half to her as his widow and the remaining one-half to his infant child, under that provision of the will copied above, reading, ''and at death their several shares shall pass to their 'heirs at law,' '' she contending that the expression ''heirs at law'' was intended to and did in fact include distributees of which she is one. On the other hand it is contended by the trust company as guardian and trustee for the infant that the expression ''heirs at law'' is employed in the will in its usual legal technical sense and embraces only such persons related by blood to Nicholas E. as would take his real property, if any he had. The lower court held that the testator intended by the clause of the will under consideration that the estate of Nicholas which was placed in the hands of the trustee for his use and benefit should pass to his distributees, all said estate being personalty. From that judgment the trust company, as guardian and trustee of the infant, appeals.

It is said for appellant that the term ''heirs at law'' as used by the testator gives, after a life estate to his son, a remainder to his ''heirs at law,'' and the expression is to be construed in its strict and technical sense, and therefore does not include the widow of the son. In support of this assertion counsel for appellant cites many cases. In the case of Higginbotham v. Higginbotham, 177 Ky. 271, we said: ''So, it has become universal that when the common law speaks of 'heirs' or 'heirs at law' it uses these terms in their technical sense; the widow is not in contemplation.

''In defining the term 'heir' in its legal sense, the Century Dictionary says: 'In this sense the word as used at common law does not include a widow on whom the law casts an estate in dower or a husband on whom the law casts an estate by the curtesy, for these are considered new estates, arising out of marriage and its incidents, and carved out of the fee, not as a continuation or devolution of the fee itself. If there be dower or curtesy the heir is that person who takes immediate title to the fee, subject to such life estate.'

"The doctrine thus announced that a widow is not an 'heir' or 'heir at law' of her husband, and that a husband is not the heir of his wife, is sustained by the great weight of authority." (Citing decisions from twelve different jurisdictions.)

Considering the same question we said in the case of Williamson v. Williamson, 18 Ben Monroe (Ky.), 371: "The signification of the word heir, in all cases, is a question of intention. The word has, as we have seen, a legal and a popular meaning. When used alone by a testator, without any other expressions going to show that it was not used in its legal sense, it must be understood as having been so used by him; for the rational presumption is that he understood the legal meaning of the words he has used. But if he use other expressions which clearly indicate what his intention was, and show that he did not mean what the word imports, in its legal acception, that intention must prevail, notwithstanding he has used the same word in other parts of the will." To the same effect are many cases cited in L. R. A. 1918A, p. 1108.

It must be conceded by all learned in the law that the expression "heirs at law" does not ordinarily nor according to its legal technical meaning include a surviving wife. This rule is so well established and so general in its application that the citation of authority is unnecessary. Sometimes the expression, when employed in a will, has been construed in the light of the whole instrument to include the widow because the spirit and intent of the testator as gathered from the entire document pointed unerringly to this purpose.

"A widow is not heir," says 29 C. J., p. 301, "to her husband, nor is a widower heir to his wife, within the technical meaning of the term; but 'heir' or 'heirs' may include a widow or a widower if such were the intention with which the word was employed."

A widow is an heir of her deceased husband only in a special and limited sense, and not in the general sense in which that term is usually employed and understood. Unfried v. Herberrer, 63 Ind. 67; McNutt v. McNutt, 116 Ind. 545; 2 L. R. A., 372; Masonic Insurance Co. v. Miller, 13 Bush (Ky.) 489.

So, if in this case we find in the testamentary paper expressions which are reasonably calculated to show such an intention on the part of testator, Charles C. Vogt,

then and then only may the widow be classed as an "heir at law."

The testator had several sons and several daughters. He gave to his sons, Rudolph F. and Benedict F., their share of the estate absolutely. Both these sons were married at the time of the making of the will. The other sons, John F. and Nicholas E., were unmarried. He placed their shares of his estate in trust for their lives. He treated his daughters exactly the same way. This protection was thrown about the girls no doubt to keep them from wasting their estate or allowing a future husband to do so. They were all unmarried at the time of the making of the will. Following the paragraph of the will copied above, the testator provided, "No husband of any daughter of mine shall acquire any marital rights in the estate given to her or *be deemed her heir at law.*" No such provision was made with respect to the wives of his sons. It is therefore argued that inasmuch as he specifically provided that the husbands of his daughters should not be deemed heirs at law of his said daughters, by implication he willed that the wives of his sons should become heirs of their husband. This is in harmony with the ancient rule of construction which holds that where certain designated things are specifically denied, the corresponding or correlative thing will conversely be given. By saying in his will that no husband of his daughters, or either of them, should be "deemed an heir at law," he granted the converse, that is, that the wives of his sons should be deemed "heirs at law" of his sons. Taken in connection with his absolute devise to his two older sons, Rudolph and Benedict, whereby their wives obtained fixed marital rights in the said property, it is persuasive that the testator intended by the expression "shall pass to their heirs at law," that the said property devised to his said sons in trust should upon their death pass to their distributees, including their surviving wives, if such they had. It is hardly conceivable that the testator, who so wisely and justly in other respects distributed his property, could by the language employed have intended that the wives of his sons should not share in the estate left to them by his will. His interdiction against the husbands of his daughters taking as heirs of his daughters was no doubt intended to prevent fortune hunters pursuing and marrying his daughters for the sake of the estate he had left with no higher or better purpose than to obtain control of and spend it. It also lends force

to the interpretation that the daughters in law should be differently classified.

This being the conclusion reached by the chancellor his decree is affirmed.

Judgment affirmed.