## Vandyke, et al. v. Vandyke.

(Decided February 10, 1928.)

### Appeal from Mercer Circuit Court.

1. Wills.—Intention of the testator, as gathered from the language of his entire will, must prevail in deciding interpretation of will.

2. Wills.—While surviving spouse is not included in the word "heir," or "heirs at law," when standing alone or disconnected from other qualifying words or expressions, such terms may be extended to include others, who are neither blood relations nor next of kin, where such intention on part of testator appears from language of will.

3. Wills.—Will placing part of testatrix's property in trust to pay over net income to nephew "during his lifetime and at his death to pay over the entire sum so held in trust to the heirs at law of said T. V. in accordance with the law laid down by the statutes of the state of Kentucky," held to require distribution of trust property, on death of beneficiary given life estate, to his surviving widow as well as to his children, under Ky. Stats., sec. 2132, since language of will required term "heirs at law" to be given a broader meaning than strict technical construction applied to use of words "heirs" and "heirs at law."

4. Executors and Administrators.—Widow of one given income during his life from proceeds of trust created by will held not entitled, on husband's death, to receive from trust fund sum of $750, which Ky. Stats., sec. 1403, subsec. 5, provides shall be set apart from the estate of intestate for his widow and infant children, since statute refers only to property of which deceased and intestate spouse was owner and died seized, though widow received one-half of trust funds under section 2132, relating to distribution.

R. W. KEENON, C. E. RANKIN and NELSON D. RODES for appellants.

E. H. GAITHER for appellee.

· OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 4, 1906, Sally J. Burrus, a resident of Mercer county, duly executed her last will and testament,

and after her death, and on March 7, 1907, it was probated in the Mercer county court. Certain directions and bequests were made in the first three clauses of her will, and in its fourth clause she directed that all of the remaining portion of her estate be converted into cash and distributed equally among her brother, H. N. Vandyke, the heirs of her deceased brother, W. G. Vandyke, the heir of her deceased sister, Mrs. Price N. Davenport, her living sister, Mrs. Laura Anderson, and ''one share to the Harrodsburg Trust Company, of Harrodsburg, Ky., trustees of my nephew Thomas Vandyke. I direct the said trust company, trustee of said Thomas Vandyke, to invest the said trust funds in safe securities and to pay the net income semiannually to said Thomas Vandyke, during his lifetime, and at his death to pay over the entire sum so held in trust to the heirs at law of said Thomas Vandyke in accordance with the law laid down by the statutes of the state of Kentucky.'' The beneficiary of the trust thereby created, Thomas Vandyke, was the son and only child of a deceased brother of testatrix. There was born to him, by his first wife, the appellant and one of the defendants below, Hazel Vandyke, and after that he and his wife separated and were divorced; the wife receiving the custody of their infant daughter. Thomas Vandyke then left the state and spent the remainder of his life as a nonresident, residing at a number of places in several of the Western states, and before his death, which occurred in July, 1927, he married the defendant and appellee, Sylvia Vandyke, who survives him as his widow.

The trustee appointed under the fourth clause of the will of Mrs. Burrus filed this action in the Mercer circuit court against the daughter and the surviving widow of Thomas Vandyke, under the Declaratory Judgment Act, and in its petition it averred the facts as above briefly recited and alleged that the surviving widow was claiming the right to her distributable share of the trust fund under this language of the will creating the trust:

> ''And at his death to pay over the entire sum so held in trust to the heirs at law of said Thomas Vandyke in accordance with the law laid down by the statutes of the state of Kentucky.''

It was further alleged that the surviving daughter of Thomas Vandyke was disputing such right as claimed

by his widow, and the court was asked to construe the will and to direct the trustee as to the proper distribution of the fund. The widow answered, asserting her right as surviving widow to one-half of the fund, and also her right to first be paid $750 under the provisions of subsection 5 of section 1403 of our present Statutes. The answer of the daughter denied the right of the widow to either of her claims, and the court upon final submission adjudged that the widow was entitled to be paid one-half of the trust funds (it being personalty), as is provided by section 2132 of our Statutes, but denied her the right to be paid the $750 that she claimed under subsection 5 of section 1403, and from that judgment the trustee and the daughter prosecute this appeal, and the widow, who was made appellee, by proper motion has obtained a cross-appeal in this court, wherein she complains of the judgment disallowing her the $750, but which in reality only withheld from her one-half of that amount, or $375. We will first address ourselves to the question presented by the appeal and then to the one presented by the cross-appeal.

It seems to be the settled rule that a surviving spouse is not included in the term "heir" or "heir at law," when standing alone or disconnected from other qualifying words or expressions. Two comparatively recent cases from this court so holding are Higginbothom v. Higginbothom, 177 Ky 271, 197 S. W. 627, L. R. A. 1918A, 1105, and Fidelity & Columbia Trust Co. v. Vogt, 199 Ky. 12, 250 S. W. 486. There are other domestic and foreign ones to the same effect cited in those opinions. But, under the universal rule that the intention of the testator as gathered from the language of his entire will, is the one to prevail, if the employed language discloses an intention of the testator to enlarge the technical scope and meaning of those terms, so as to include within them others who are neither blood relations nor next of kin to him, such intention will be decreed. Such rule for the interpretation of wills has been so often adopted and applied by this court that we will not incumber this opinion with a recitation of the cases. The concrete case that we have here is: Whether the testatrix, Mrs. Burrus, in providing for the final distribution of the trust fund after the death of her nephew, Thomas Vandyke, employed language that indicated an intention on her part to enlarge and qualify the technical scope and meaning of the

terms under consideration, so as to include any one who would be entitled to a share in the property "in accordance with the law laid down by the statutes of the state of Kentucky"? or did she intend to limit those who would take the property after his death to those technically included by the term "heirs at law of Thomas Vandyke"?

Under the cases supra, if she had closed the fourth clause of her will immediately after that quotation, there would be no doubt that the widow of Thomas Vandyke was not entitled to share therein; but when she added the language, "in accordance with the law laid down by the statutes of the state of Kentucky," she, in effect, gave a definition to, and indicated the sense in which she intended to employ the words "heirs at law," and which was, that by the use of such words she intended to include all those who would take the property under the "statutes of the state of Kentucky." At least on two occasions has the concrete case been before this court, and the language under consideration was construed to enlarge the definition of the term "heirs," or "heirs at law," so as to include distributees, including the surviving spouse. Those two cases are Clay v. Clay, 2 Duv. 295, and Lee v. Belknap, 163 Ky. 418, 173 S. W. 1129.

A similar question was before the court in the Vogt case, supra, but there was other language to which weight was given in arriving at its correct interpretation. The language under consideration in the Clay case was:

"It is my will and intention that the said fund, in equal proportions, shall finally pass to such persons as each of my said sons, as to his part, shall finally direct, by his last will and testament, and, in default of such will, to their respective heirs, according to the Kentucky statute of distributions."

The court held that the surviving widow of one of the testator's sons was entitled to her distributable share of the devise to that son, he having died without making any disposition of the property in accordance with the terms of the will.

The language to be construed in the Belknap case, at the happening of the event provided for, was:

"The property shall pass absolutely to those persons who under the present statutes of descent in Kentucky would be the heirs at law of the party of the first part."

The language there under consideration was contained in a trust agreement made by one of the devisees of Col. Morris B. Belknap with the Fidelity & Columbia Trust Company, and the question was whether a surviving husband of one of the beneficiaries created by the trust was entitled to his distributable share as such, in his wife's estate acquired under that trust? The opinion answered that question in the affirmative, basing its conclusions largely upon the Clay case. Other opinions furnishing instances where other employed language qualified the technical meaning of the words "heirs," or "heirs at law," will be found in the cases of Williamson v. Williamson, 18 B. Mon. 370, Allan v. Vanmeter's Devisees, 1 Metc. 276, Jacob v. Jacob, 4 Bush, 110, and Johnson v. Jacob, 11 Bush, 648.

However much our inclination might be to do so, we have found it impossible to distinguish the language contained in the will of Mrs. Burrus from that involved and construed in the Clay and Belknap cases. They each established a rule of property and the case is peculiarly one where the doctrine of *stare decisis* should be adhered to. We therefore conclude that the court correctly adjudged one-half of the trust fund to the surviving widow and appellee, Sylvia Vandyke.

We also find ourselves in accord with the trial court in denying to appellee the $750 claimed by her as above pointed out. The statute under which it is made has reference only to property of which the deceased and intestate spouse was the owner and died seized. In our disposition, supra, of the original appeal, we were called upon only to determine the class of persons that the testatrix desired and intended to share in the eventual disposition of *her* property, and not in the life estate in that property that she created and devised to her *nephew,* and which, of course, terminated at his death. Since, therefore, the statute under which this claim is made does not apply to the character of property here involved, this claim was properly disallowed.

Wherefore the judgment is affirmed, both on the original and cross appeals.